UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br> v.<br><br>ALL PETROLEUM-PRODUCT CARGO ONBOARD THE M/T ARINA WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 9189952, *et al.*,<br><br>   *Defendants in rem*,<br><br>ASPAN PETROKIMYA CO.,<br><br>   *Claimant*. | Civil Action No. 21-3234 (RDM)<br><br>(Consolidated with 21-2817 (RDM)) |

## MEMORANDUM OPINION

In this *in rem* action, the United States seeks civil forfeiture of the petroleum cargos of two ships—specifically, All Petroleum-Product Cargo Onboard the M/T Arina with International Maritime Organization Number 9189952, and All Petroleum-Product Cargo Onboard the M/T Nostos with International Maritime Organization Number 9258014 (collectively, the "Defendant Property"). The United States alleges that the Defendant Property "originated from an oil terminal in Iran," where it was placed "into commerce by, and for the benefit of, the National Iranian Oil Company ('NOIC'), the National Iranian Tanker Company ('NITC'), the Islamic Revolutionary Guard Corps ('IRGC') and the IRGC Qods Force ('IRGC-QF')," and that it is "subject to seizure and forfeiture pursuant to 18 U.S.C. § 981(a)(1)(G)(i)" as either (1) assets of "an entity or organization engaged in the planning and perpetrating [of] federal crimes of terrorism as defined in 18 U.S.C. § 2332b(g)(5);" or (2) assets that "afford[] a person a source of influence over such entity or organization." Dkt. 25 at 2 (Am. Compl. ¶¶ 1–2).

The United States originally filed two separate complaints, one seeking forfeiture of the cargo aboard the M/T Arina and one seeking forfeiture of the cargo aboard the M/T Nostos. Aspan Petrokimya Co. ("Aspan") submitted claims in both actions, and it subsequently moved to dismiss in both cases. After hearing from the parties, the Court granted Aspan's motions to dismiss but gave the United States leave to replead. The parties then filed a consent motion to consolidate the cases, which the Court granted, and the United States filed an amended, verified complaint in the consolidated litigation seeking forfeiture of the cargo found aboard both vessels. Aspan again moved to dismiss. This time, however, the Court denied Aspan's motion in a detailed ruling from the bench and ordered the parties to submit a joint status report proposing a schedule for discovery. Ultimately, however, the parties opted to forego discovery; Aspan admitted each of the factual allegations set forth in the amended verified complaint; Aspan consented to the entry of final judgment in favor of the Untied States and forfeiture of the Defendant Property in favor of the United States, "without waiving its rights to seek appellate review of the Court's decision denying its" renewed motion to dismiss, Dkt. 41-1 at 3; and the United States filed an unopposed motion for judgment on the pleadings. That motion—to which Aspan has not responded—is currently before the Court.

For the reasons explained below, the Court will grant the government's unopposed motion for judgment on the pleadings.

## I. PROCEDURAL HISTORY

The United States initially filed two *in rem* complaints—one in October 2021, and one December 2021—seeking forfeiture of the cargo carried on the two ships. *See* Dkt. 3; *United States v. All Petroleum-Product Cargo Onboard the M/T Nostos* ("*Nostos*"), No. 21-cv-2817, Dkt. 3. The government notified Aspan of the two actions in conjunction with its obligation to

provide notice to known potential claimants. *See* Dkt. 42 at 7. After receiving that notice, Aspan filed verified claims asserting its interests in both cargos, *see* Dkt. 11; *Nostos*, No. 21-cv-2817, Dkt. 11, and moved to dismiss both forfeiture complaints, *see* Dkt. 16; *Nostos*, No. 21-cv-2871, Dkt. 14. After briefing and oral argument, the Court granted those motions and dismissed the United States' initial complaints without prejudice. *See* Min. Entry of March 17, 2023; *see also* Dkt. 36 (Hr'g. Trans. Mar. 7, 2023). The cases were then consolidated, *see* Dkt. Entry of April 30, 2023, and the United States filed an amended verified complaint in the consolidated action, *see* Dkt. 25.

In response, Aspan moved to dismiss the amended verified complaint. Dkt. 28. After briefing and a second oral argument, the Court denied that motion for the reasons set forth on the record at the March 13, 2024 hearing. *See* Dkt. 34. As the Court explained at the hearing, it construed the allegations contained in the amended complaint in the light most favorable to the United States, as the nonmoving party, and concluded that the United States had alleged facts sufficient to survive a motion to dismiss. *Id.* at 45. At this early stage of the proceeding, the Court did not, of course, hold that the United States was entitled to prevail; the Court merely held that the case should precede to discovery and directed the parties to submit a joint discovery plan. *Id.*

Rather than do so, the parties agreed that the Court should enter "final judgment in favor of the United States while preserving Aspan's rights to seek appellate review of the Court's motion to dismiss decision." Dkt. 40 at 1. That is an unusual request, since the denial of a motion to dismiss is not usually an appealable order. But to facilitate an immediate appeal, Aspan also admitted every factual allegation contained in the government's amended verified complaint, Dkt. 41 at 2; the United States filed a motion for judgment on the pleadings, Dkt. 42

at 1; and Aspan agreed not to oppose that motion. Both parties now jointly request that the Court enter final judgment based on these filings, although Aspan does so "without waiving its rights to seek appellate review of the Court's decision denying its" renewed motion to dismiss, Dkt. 40 at 2.

Alongside the United States' unopposed motion, the parties filed a Stipulation that, *inter alia*, provides that "the United States consents to Aspan amending its Answer on remand" "[s]hould the D.C. Circuit reverse in whole or in part." Dkt. 40 at 2. In light of that stipulation, the Court ordered the parties to provide supplemental briefing on "whether there is sufficient basis for the Court to enter a final, appealable judgment." Minute Order (August 20, 2024). The Court also raised the issue of whether on remand the parties would in fact be able to stipulate to such an amendment and asked the parties to address whether authorizing Aspan, in advance, to withdraw some or all of its factual admissions on remand would be "at odds with the law of the case doctrine and/or the final judgment rule." *Id.*

In the parties' joint responsive briefing, they conceded that the possibility of such an amendment would turn, in part, on the Court of Appeals' decision. *See* Dkt. 44 at 4. The parties indicated, however, that they still wish to proceed with their original plan. *Id.* For present purposes, it is premature for this Court to decide whether Aspan may, under some circumstances, be bound by its admissions should there be a remand of this case. The Court will thus grant the stipulated judgment as a matter of law with that understanding and will not opine at this time on whether any of the admissions might be binding under the law of the case doctrine, should the Court of Appeals remand the matter. For present purposes, that question is merely hypothetical and unripe for decision.

## II. ANALYSIS

Because the government's motion for judgment on the pleadings is unopposed, there is little for the Court to resolve at this point.  Aspan has admitted the factual allegations contained in the amended verified complaint, has not opposed the government's motion for judgment on the pleadings, and has stipulated to the entry of final judgment.  Although Aspan reserves its right to appeal the Court's decision denying its motion to dismiss the amended verified complaint, it not entirely clear what that means, since the denial of a motion to dismiss is generally not an appealable order and since Aspan does not oppose the government's motion for judgment on the pleadings.  The Court can only assume that what the parties intend is that Aspan be allowed to appeal the Court's order granting the "unopposed" motion for judgment on the pleading to the extent that motion turns on questions of law that the Court resolved in the government's favor in denying Aspan's motion to dismiss the amended verified complaint.  The question of precisely what Aspan has reserved for appeal, however, is a question for the D.C. Circuit and not for this Court.

For now, it is enough for the Court to note that the government's motion for judgment on the pleadings is unopposed, Aspan has admitted the relevant facts, and the Court has previously concluded that the facts alleged in the amended verified complaint are sufficient to state a claim for forfeiture under multiple theories.  To prevail on a motion for judgment on the pleadings, the movant must show two things: (1) "that no material fact is in dispute" and (2) "that it is entitled to judgment as a matter of law."  *Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1370 (D.C. Cir. 2008).  The first of these conditions is satisfied by the verified complaint and Aspan's admission to the facts alleged in it, and the second is satisfied for the reasons set forth in the Court's ruling from the bench denying Aspan's motion to dismiss.  To the extent the United

States sets forth additional arguments, if any, in its unopposed motion, the Court need not reach those arguments because the reasons that the Court provided for denying Aspan's motion to dismiss also support granting the government's unopposed motion for judgment on the pleadings.  Moreover, because Aspan has not opposed the government's motion for judgment on the pleadings, the Court has no counterarguments to consider in the addressing the government's motion and, accordingly, will not entertain a one-sided debate.

The only remaining question for the Court is whether the United States has satisfied the notice requirements of the Supplemental Rules of Civil Procedure for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), which must be met before an *in rem* forfeiture judgment pursuant to a federal statute can be entered.  *See* Supp. R. G(1), (4). The Supplemental Rules require two types of notice—published and direct—to ensure that interested parties have an opportunity to contest the forfeiture.  *See* Supp. R. G(4)(a), (b).

First, "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders."  Supp. R. G(4)(a)(i).  The Supplemental Rules provide several options for how the government can fulfill the published-notice requirement.  Here, the United States posted notice on an official government forfeiture site, www.forfeiture.gov, for thirty consecutive days starting on March 3, 2022, as permitted by Supplemental Rule G(4)(a)(iv)(C).  *See* Dkts. 38 & 39.

Second, the government is required to provide direct notice to "any person who reasonably appears to be a potential claimant on the facts known to the government" "by means reasonably calculated to reach the potential claimant."  Supp. R. G(4)(b)(i), (iii)(A).  Here, "the United States served direct notice to two potential claimants via email," including Aspan.  Dkt. 42 at 7, Dkt. 42-1, Dkt. 42-2.

The United States has thus satisfied both notice requirements. Aspan is the only claimant to respond, and the deadline for other claimants to step forward has long passed. *See* Supp. R. G(5)(a)(ii) (providing up to sixty days after the first date of publication). The Court, accordingly, concludes that it is appropriate to enter final judgment in this matter pursuant to the parties' stipulation, Aspan's admission of the facts alleged in the amended verified complaint, and the government's unopposed motion for judgment on the pleadings.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the United States' unopposed motion for judgment on the pleadings, Dkt. 42, is **GRANTED** and that the Defendant Property is **FORFEITED** to the United States.

A separate order will issue.

    /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 10, 2024